# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2149
_____

United States of America

*Plaintiff - Appellee*

v.

Clayton High Wolf

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: December 16, 2016
Filed: January 26, 2017
[Unpublished]

_____

Before KELLY and MURPHY, Circuit Judges, and MAGNUSON,[1] District Judge.

_____

MAGNUSON, District Judge.

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

Appellant Clayton High Wolf appeals the district court's[2] denial of his motion to suppress. For the following reasons, we affirm.

Shortly after midnight on July 17, 2014, Rapid City, South Dakota police officer Carmen Visan was on patrol when she observed a vehicle without a light illuminating its rear license plate. Because failure to have an illuminated rear license plate violates South Dakota law, Visan initiated a traffic stop. After relaying the driver's information to dispatch, Visan discovered that the driver was Clayton High Wolf, and that he had an outstanding warrant for driving under suspension and was on federal probation. Visan placed High Wolf under arrest and found 39 small-caliber bullets in his front left pants pocket. An assisting officer performing an inventory search of the vehicle located a firearm under the passenger's seat of the vehicle.

In September 2014, the United States charged High Wolf with possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Before trial, High Wolf moved to suppress the firearm and ammunition obtained during the traffic stop, arguing that Visan did not have probable cause to stop the vehicle. The magistrate judge conducted an evidentiary hearing on the motion, heard four witnesses testify, and received a video and photos of the traffic stop into evidence. The magistrate judge recommended that the motion to suppress be denied because the video and photos "support Visan's testimony that the license plate light did not appear to be functioning." (Appellant's Brief Add. 4 at 13.)

High Wolf timely objected to the magistrate judge's report and recommendation ("R&R"). Specifically, High Wolf objected to the magistrate

---

[2] The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

judge's finding that Visan credibly testified about being unable to see the rear license plate light within 50 feet of the vehicle.

The district court conducted a de novo review of the R&R. After reviewing the suppression hearing transcript and watching the video of the traffic stop, the district court determined that Visan's testimony was inconsistent. During the suppression hearing, Visan testified that she was driving northbound on LaCrosse Street when she observed High Wolf's vehicle driving in the opposite direction. She testified that when she looked in her left side view mirror she noticed that no light illuminated the vehicle's rear license plate. She also testified that she turned around and began following the vehicle before she initiated the traffic stop. The video, however, showed Visan traveling northbound on LaCrosse Street when High Wolf's vehicle merged in front of her and began traveling in the same direction.

Although the district court acknowledged that this inconsistency could affect Visan's credibility, he found that it was "neither germane to the justification for the subsequent traffic stop nor to the remainder of the magistrate judge's report." (Appellant's Brief Add. 2 at 4.) The district court also found that Visan's testimony about being unable to see the rear license plate light within 50 feet of the vehicle was "confirmed by the video recording." (Id.) Consequently, the district court overruled High Wolf's objections, adopted the R&R, and denied the motion to suppress.

A jury convicted High Wolf on January 7, 2016, and the district court sentenced him to 92 months in prison. High Wolf timely appealed.

On appeal from the denial of a motion to suppress, we review legal conclusions de novo and factual findings for clear error. United States v. Woods, 747 F.3d 552, 555 (8th Cir. 2014). High Wolf challenges the district court's factual finding that the rear license plate light was not functioning. According to High Wolf, Visan did not

credibly testify about being unable to see the license plate light within 50 feet of the vehicle, and she therefore lacked probable cause to stop the vehicle.

The assessment of a witness's credibility is within the province of the trial court and is virtually unreviewable on appeal. United States v. Cantrell, 530 F.3d 684, 692 (8th Cir. 2008) (quotation and citation omitted). A district court's credibility assessment is clearly erroneous only if there is "extrinsic evidence that contradicts the witness's story or the story is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it." United States v. Heath, 58 F.3d 1271, 1275 (8th Cir. 1995) (citation omitted).

High Wolf argues that because Visan's testimony about how she first encountered his vehicle was inconsistent with the video of the traffic stop, the district court clearly erred in crediting her testimony about being unable to see a rear license plate light within 50 feet of the vehicle. But as the district court aptly stated, how Visan encountered High Wolf's vehicle was not germane to the justification for the stop. In addition, the district court watched the video of the traffic stop and independently determined that Visan was unable to see the rear license plate light within 50 feet of the vehicle. Having viewed the corroborating video itself, the district court did not clearly err in crediting Visan's testimony and concluding that there was probable cause to stop the vehicle.

Affirmed.

_____